# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JARRIT MANFREDY,

    Plaintiff,

    v.                                             CASE NO. 6:21-cv-01731-WWB

COMMERCIAL ACCEPTANCE
COMPANY,

    Defendant.
_____/

## DEFENDANT'S *UNOPPOSED* MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42(a), Defendant Commercial Acceptance Company ("CAC") moves to consolidate the matters of *Jarrit Manfredy v. Commercial Acceptance Company,* Case Nos. 6:21-cv-01732, 6:21-cv-01733, 6:21-cv-01734, and 6:21-cv-01735, currently pending in the United States District Court for the Middle District of Florida, with the above-styled cause. In support thereof, CAC would show:

    1.    On September 17, 2021, Plaintiff filed a total of five (5) identical complaints against CAC in the County Court of the Ninth Judicial Circuit In and For Osceola County, Florida.

    2.    CAC timely removed all five (5) cases to this Court on October 18, 2021.

1

3.      All five (5) cases plead identical violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq* ("FCCPA") arising from the same alleged conduct.

4.      Specifically, Plaintiff alleges that CAC transmitted Plaintiff's personal information to a third-party in violation of the FDCPA and FCCPA, with each alleged transmission resulting in the printing and mailing of a letter to Plaintiff.

5.      The five (5) letters on which Plaintiff's five (5) separate lawsuits are based were sent by the same company (CAC) to the same recipient (Plaintiff) on the same day (August 11, 2021) concerning accounts owed to the same entity (Global Payments).

6.      The five (5) complaints are substantively identical.

7.      Because common issues of law and fact exist between these cases, CAC seeks a consolidated of these related actions.

## MEMORANDUM OF LAW

Fed R. Civ. P. 42(a) states, in pertinent part, "[i]f actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a). This Rule is one of convenience and exists to give the Court discretion to decide how cases on its docket are to be handled so that the business of the court may be dispatched with expedition and economy while providing justice

to the parties. *Miller v. U.S. Postal Service,* 729 f.2D 1033, 1036 (5th Cir. 1984). In considering a consolidation of actions, the Court must consider the following factors:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.* 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. Easter Airlines, Inc.* 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied* 406 U.S. 1102 (1983) and 464 U.S. 1040 (1984)).

Here, consideration of these factors weighs heavily in favor of consolidation. The facts and issues of law in each of these matters are identical. The parties are each represented by the same counsel. The discovery needed in each of these five (5) cases will be identical. There is no risk of confusion, considering these cases are essentially all the same.

By contrast, a failure to consolidate risks inconsistent adjudications of identical legal issues and would burden the parties and witnesses with unnecessarily duplicative discovery—they would each essentially have to conduct the same discovery five (5) times over. Additionally, letting these cases pend separately would necessitate multiple trials concerning identical questions of law and fact, which not only risks inconsistent outcomes but would pose a significant (and entirely

unnecessary) drain on the resources of the Court and the parties alike. Consolidation will eliminate these risks without posing any danger of prejudice to the parties.

WHEREFORE, Defendant Commercial Acceptance Company respectfully requests this Honorable Court consolidate the matters of *Jarrit Manfredy v. Commercial Acceptance Company,* Case Nos. 6:21-cv-01732, 6:21-cv-01733, 6:21-cv-01734, and 6:21-cv-01735, currently pending in the United States District Court for the Middle District of Florida, with the above-styled case[1], and grant any such further relief as the Court may deem just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies he conferred with Plaintiffs' counsel who indicated that Plaintiffs do not oppose the consolidation of *Jarrit Manfredy v. Commercial Acceptance Company,* Case Nos. 6:21-cv-01732, 6:21-cv-01733, 6:21-cv-01734, and 6:21-cv-01735, currently pending in the United States District Court for the Middle District of Florida, with the above-styled case.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By: */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879

---

[1] Contemporaneous with this filing, Defendant will file a Notice of Related Filing in the other matters and will attach a copy of this Motion to that filing.

12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
[lburnette@messerstrickler.com](mailto:lburnette@messerstrickler.com)
[jmarees@messerstrickler.com](mailto:jmarees@messerstrickler.com)
*Counsel for Defendant*

Dated: October 29, 2021

# CERTIFICATE OF SERVICE

I certify that on October 29, 2021, a true copy of the foregoing document was served on all counsel of record by electronic service.

                **MESSER STRICKLER, LTD.**

By: */s/ John M. Marees, II*
      LAUREN M. BURNETTE, ESQUIRE
      FL Bar No. 0120079
      JOHN M. MAREES, II, ESQUIRE
      FL Bar No. 0069879
      12276 San Jose Blvd.
      Suite 718
      Jacksonville, FL 32223
      (904) 527-1172
      (904) 683-7353 (fax)
      lburnette@messerstrickler.com
      jmarees@messerstrickler.com
      *Counsel for Defendant*

Dated: October 29, 2021