UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JARRIT MANFREDY,

    Plaintiffs,

v.                                          Case No. 6:21-CV-1731-WWB

COMMERCIAL ACCEPTANCE COMPANY,

    Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 12/21/2021. Thomas Patti, counsel for Plaintiff, and John Marees, counsel for Defendant, attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   | --- | --- |
   | Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/14/2022 |
   | Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/28/2022 |

| | |
|---|---|
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 5/6/2022 |
| Defendant's deadline for disclosing any expert report. | 6/10/2022 |
| Deadline for disclosing any rebuttal expert report. | 7/8/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/5/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 9/16/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 9/2/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/18/2022 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/13/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/24/2023 |
| Month and year of the trial term. | 2/1/2023 |

The trial will last approximately 2-3 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   **PLAINTIFF ALLEGES DEFENDANT VIOLATED 15 U.S.C. § 1692C(B) OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FLA. STAT. § 559.72(5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY ALLEGEDLY TRANSMITTING HIS PERSONAL INFORMATION TO THIRD PARTIES. SPECIFICALLY, PLAINTIFF ALLEGES DEFENDANT TRANSFERRED HIS**

2

INFORMATION TO A THIRD-PARTY LETTER VENDOR WHO PREPARED, PRINTED, AND MAILED A COLLECTION LETTER TO PLAINTIFF ON DEFENDANT'S BEHALF. ADDITIONALLY, PLAINTIFF ALLEGES DEFENDANT TRANSMITTED HIS PERSONAL INFORMATION TO OTHER UNKNOWN THIRD-PARTY ENTITIES WHO PROVIDE SKIP TRACING AND OTHER "SCRUBBING" SERVICES. DEFENDANT DENIES THESE ALLEGATIONS.

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐  The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: The allegations of Plaintiff's complaint, his alleged damages, and Defendant's alleged use of a third-party letter vendor and/or skip tracing or other "scrubbing" services in connection with the accounts at issue.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☐ No.
      ☐ Yes; describe the issue(s).

   E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes; describe the stipulation.

**10. Request for Special Handling**

    ☒ The parties do not request special handling.

    ☐ The parties request special handling. Specifically, describe requested special handling.

    ☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

    ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ Thomas Patti  
Thomas Patti, Esq.  
Plaintiff's Counsel  
12/21/2021

/s/ John Marees  
John M. Marees, II, Esq.  
Defendant's Counsel  
12/21/2021

6