# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Case No. 6:21-cv-01731-WWB-DCI[1]

**JARRIT MANFREDY,**

      Plaintiff,

**v.**

**COMMERCIAL ACCEPTANCE COMPANY,**

      Defendant.

_____/

## FIRST AMENDED CONSOLIDATED COMPLAINT

Plaintiff Jarrit Manfredy ("Plaintiff") sues Defendant Commercial Acceptance Company ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

---

[1] This case is a consolidation of nine (9) separate cases pending in the Middle District of Florida, *namely*, **[1]** 6:21-cv-01731; **[2]** 6:21-cv-01732; **[3]** 6:21-cv-01733; **[4]** 6:21-cv-01734; **[5]** 6:21-cv-01735; **[6]** 6:21-cv-01891; **[7]** 6:21-cv-01892; **[8]** 6:21-cv-01894; and **[9]** 6:21-cv-01895. Pursuant to this Court's Order [D.E. 10], Case No. 6:21-cv-01731 has been designated as the "lead" case.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Osceola County, Florida.

4.     Defendant is a Pennsylvania corporation, with its principal place of business located in Camp Hill, Pennsylvania.

## DEMAND FOR JURY TRIAL

5.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

6.     On a date better known by Defendant, Defendant began attempting to collect multiple debts (collectively, the "Consumer Debts") from Plaintiff.

7.     The Consumer Debts is the composition of nineteen (19) separate debts that Defendant unlawfully attempted to collect from Plaintiff.

8.     The Consumer Debts are an obligation *allegedly* had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Global Payments, and Plaintiff (the "Subject Services").

9.     Plaintiff is the *alleged* debtor of the Consumer Debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

10.     Plaintiff is not the *true* debtor of the Consumer Debts.

11.     The Subject Services were primarily for personal, family, or household purposes.

12.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13.     Defendant is a business entity engaged in the business of collecting consumer debts.

14.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

16.     Defendant possesses a **valid** "Consumer Collection Agency" license with the Florida Department of State.

17.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

18.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

19.     Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22.     On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

23.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff's name; **[2]** Plaintiff's address; **[3]** the existence of the Consumer Debts; **[4]** the amount of the Consumer Debts; **[5]** the creditor of the Consumer Debts; **[6]** that Plaintiff was the alleged debtor of the Consumer Debts; **[7]** information regarding the Subject Services; and **[8]** that Plaintiff did not pay the Consumer Debts and/or defaulted on the Consumer Debts (collectively, the "Transmitted Information").

24.     The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared nineteen (19) separate letters that were to be sent to Plaintiff in an attempt to collect each of the Consumer Debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     On a date better known by Defendant, Defendant sent nineteen (19) separate collection letters to Plaintiff, each of which were internally dated August 11, 2021, in an attempt to collect each of the separate Consumer Debts.

26.     Attached as Composite Exhibit "A" is a copy of each of the nineteen (19) letters (collectively, the "Collection Letters").

27.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G8B, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #1"). *See* Composite Exhibit A.

28.     Collection Letter #1 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

29.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G8C, falsely represents that Plaintiff is the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #2"). *See* <u>Composite Exhibit A</u>.

30.   Collection Letter #2 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

31.   On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G8D, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #3"). *See* <u>Composite Exhibit A</u>.

32.   Collection Letter #3 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

33.   On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G8F, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #4"). *See* Composite Exhibit A.

34.     Collection Letter #4 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

35.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G8G, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #5"). *See* Composite Exhibit A.

36.     Collection Letter #5 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

37.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $65.00, the account number for said debt as 9C5G8H, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #6"). *See* Composite Exhibit A.

38.     Collection Letter #6 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

39.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $130.00, the account number for said debt as 9C5G8K, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #7"). *See* Composite Exhibit A.

40.     Collection Letter #7 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

41.    On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G8L, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #8"). *See* Composite Exhibit A.

42.    Collection Letter #8 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

43.    On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G8M, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #9"). *See* Composite Exhibit A.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44.     Collection Letter #9 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

45.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $90.00, the account number for said debt as 9C5G8N, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #10"). *See* Composite Exhibit A.

46.     Collection Letter #10 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

47.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $80.00, the account number for said debt as 9C5G8P, falsely represents that Plaintiff is the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #11"). *See* <u>Composite Exhibit A</u>.

48.     Collection Letter #11 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

49.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $55.00, the account number for said debt as 9C5G8Q, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #12"). *See* <u>Composite Exhibit A</u>.

50.     Collection Letter #12 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

51.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff,

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

whereby said collection letter identified the amount of the debt as $80.00, the account number for said debt as 9C5G8R, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #13"). *See* Composite Exhibit A.

52.     Collection Letter #13 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

53.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $55.00, the account number for said debt as 9C5G8S, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #14"). *See* Composite Exhibit A.

54.     Collection Letter #14 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

55.    On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $65.00, the account number for said debt as 9C5G85, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #15"). *See* Composite Exhibit A.

56.    Collection Letter #15 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

57.    On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $55.00, the account number for said debt as 9C5G87, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #16"). *See* Composite Exhibit A.

58.    Collection Letter #16 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

59.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G88, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #17"). *See* <u>Composite Exhibit A</u>.

60.     Collection Letter #17 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

61.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $50.00, the account number for said debt as 9C5G89, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #18"). *See* <u>Composite Exhibit A</u>.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

62.     Collection Letter #18 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

63.     On a date better known by Defendant, Defendant sent Plaintiff a collection letter in an attempt to collect one of the Consumer Debts from Plaintiff, whereby said collection letter identified the amount of the debt as $475.00, the account number for said debt as 9C5G8J, falsely represents that Plaintiff is the debtor of said debt, and the creditor of said debt as Global Payments ("Collection Letter #19"). *See* Composite Exhibit A.

64.     Collection Letter #19 falsely represents that Plaintiff is the debtor of the underlying debt, falsely represents that Plaintiff is required to pay the "entire balance" of the underlying debt "directly to" Defendant, and unlawfully threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance."

65.     Each of the Collection Letters are a communication from Defendant to Plaintiff in an attempt to collect each of the respective Consumer Debts from Plaintiff.

66.     Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debts.

67.     In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debts. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer Debts from Plaintiff.

68.     Defendant's transmission of Plaintiff's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

69.     The Collection Letters each contain a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letters.

70.     Defendant knew that the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

71.    The Third-Party did not have any legitimate need for the Transmitted Information, as the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692c(b)**

72.    Plaintiff incorporates by reference ¶¶ 6-71 of this Amended Consolidated Complaint.

73.    Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

74.    Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* <u>Hunstein</u>, No. 19-14434, 2021 U.S. App. LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).") Accordingly, Defendant committed nineteen (19) separate and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

independent violations § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party with respect to each of the Consumer Debts.

75.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** $1,000 in statutory damages as provided by 15 U.S.C. § 1692k for each of the nineteen (19) separate and independent violations of § 1692c(b) of the FDCPA committed by Defendant for a total of $19,000.00; **[2]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e(2)(A) and § 1692e(5)

76.    Plaintiff incorporates by reference ¶¶ 6-71 of this Amended Consolidated Complaint.

77.    Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," *see* 15 U.S.C. § 1692e(2)(A), and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." *See* 15 U.S.C. § 1692e(5).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

78.    As set forth above, each of the nineteen (19) collection letters attempt to collect debts from Plaintiff that are not *actually* owed by Plaintiff.

79.    Each of the nineteen (19) collection letters Defendant sent to Plaintiff falsely represent the character and/or legal status of the underlying debt because each letter causes the least sophisticated consumer to wrongfully believe that he or she must pay the "entire balance" of the underlying debt "directly to" Defendant.

80.    Each of the nineteen (19) collection letters Defendant sent to Plaintiff unlawfully threaten to take action that Defendant cannot legally take because each collection letter threatens that "further collection activity will result" if Plaintiff does not satisfy the "account balance." Here, Defendant unlawfully threatens to take action that it (Defendant) cannot legally take, *i.e.*, further collection activity. Plaintiff does not legally owe the debt and/or is not the debtor of the Consumer Debts and – as such – cannot be subject to *any* collection efforts from Defendant. Thus, Defendant's threat that "further collection activity will result" if the underlying debt is not paid is a threat to take action that Defendant cannot legally take.

81.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** $1,000 in statutory damages as provided by 15 U.S.C. § 1692k for each of the nineteen (19) separate and independent violations of § 1692e(2)(A) and e(5) of the FDCPA committed by Defendant for a total of $19,000.00; **[2]** costs and reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** any other relief that this Court deems appropriate under the circumstances.

Dated: December 21, 2021

Respectfully Submitted,

  /s/ Thomas J. Patti         
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:  tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 21, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  /s/ Thomas J. Patti         
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com